**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARIA YESENIA RUBIO HERRERA,

       Petitioner,

v.                                No. 2:26-cv-01107-DHU-KRS

WARDEN, Otero Processing Center; MARY
DE ANDA-YBARRA, Field Office Director for
El Paso Immigration and Customs Enforcement;
TODD LYONS, Director of Immigration and
Customs Enforcement; MARKWAYNE MULLIN,
Secretary of the U.S. Department of Homeland
Security; and TODD BLANCHE, Acting Attorney
General of the United States,

       Respondents.

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Maria Yesenia Rubio Herrera's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Mexico who entered the United States without inspection on or about August 2, 2015, and was subsequently detained by immigration authorities. *Id.* at 5. On August 11, 2015, the Department of Homeland Security ("DHS") issued her a Notice to Appear, placed her in removal proceedings, and subsequently released her on her own recognizance and under the Intensive Supervision Appearance Program ("ISAP"). *Id.* at 2, 6-7. During the course of removal proceedings, Petitioner filed an Application for Asylum and for Withholding of Removal. *Id.* at 6.

On October 17, 2023, an Immigration Judge ("IJ") denied Petitioner's Application and entered an Order of Removal. *Id.* On November 22, 2023, Petitioner timely appealed the IJ's Order

1

of Removal to the Board of Immigration Appeals ("BIA"). *Id.* Accordingly, her Order of Removal is not final. *See* 8 U.S.C. § 1101(47)(B) (noting that an Order of Removal "shall become final upon the earlier of . . . a determination by the Board of Immigration Appeals affirming such order"); *see also* 8 CFR § 1241.1(a) ("An order of removal made by the [I]mmigration [J]udge at the conclusion of proceedings under [S]ection 240 of the [Immigration and Nationality] Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

Petitioner initially remained released during her BIA appeal. Doc. 1 at 6. The briefing schedule for the appeal runs through this year. *Id.*

On January 7, 2026, Petitioner appeared for a scheduled check-in at an Immigration and Customs Enforcement ("ICE") office, during which ICE took her into custody. *Id.* at 7. There is no evidence that ICE provided Petitioner with notice or a pre-deprivation hearing prior to once again taking her into custody. *See generally* Docs. 1, 7. Petitioner was subsequently transferred to the Otero County Processing Center in Chaparral, New Mexico, where she remains detained. Doc. 1 at 7.

On April 10, 2026, Petitioner filed the instant Petition, where she, among other things, challenges her re-detention without adequate procedures as violating the Due Process Clause of the Fifth Amendment. *Id.* at 9-11. She requests a Writ of Habeas Corpus ordering Respondents to immediately release her from custody or, alternatively, provide her a bond hearing. *Id.* at 15. She also requests attorney fees and costs. *Id.*

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v.*

*Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release.

Petitioner, who entered without inspection in August 2015, was detained within the United States, and was subsequently released for over ten years, developed a protected liberty interest in her release. She was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated her procedural due process rights. The Court will, therefore, order her immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject her to the same terms as her original Order of Release. Unless

3

and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide her with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that she is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, June 29, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

_____

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4